887 F.2d 265
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. NORTON, Plaintiff-Appellant,
v.
Edward JENNINGS, President, Ohio State University; David H.
Boyne, Associate Provost for Academic Affairs; Dr. David
Meeker, Director of the School of Music; Ohio State
University; and Robert Leblanc, Ohio State University
School of Music, Defendants-Appellees.
 No. 88-3846.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and HENRY R. WILHOIT, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, John M. Norton (Norton), has appealed from the district court's order dismissing his complaint for failing to state a claim upon which relief could be granted in accordance with Fed.R.Civ.P. 12(b)(6). Norton initiated the instant action, pursuant to 42 U.S.C. Sec. 1983, against defendants-appellees, Edward Jennings, President of Ohio State University, David H. Boyne, Associate Provost for Academic Affairs, Dr. David Meeker, Director of the School of Music, Ohio State University, and Robert LeBlanc, Chairman of the Performance Division for the School of Music (collectively referred to as defendants), charging that the defendants had violated his due process rights protected by the Fourteenth Amendment of the United States Constitution by denying him his right to appeal a decision refusing to renew his contract of employment with the Ohio State University's Music Department. The district court determined that Norton's complaint was couched solely against the defendants in their official capacities and, consequently, the Eleventh Amendment of the United States Constitution precluded Norton's claim against them.
 
 
 2
 The standard of appellate review imposed upon this court when considering the decision of the district court dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is, whether "accept[ing] petitioner's allegations [in his complaint] as true, ... it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 2 L.Ed.2d 80 (1957).
 
 
 3
 On appeal, Norton initially contends that the district court erred in dismissing the instant action because he sought prospective injunctive relief against the defendants in their official capacities, i.e., reinstatement, which is not precluded by the Eleventh Amendment. Norton's assertion is without merit. In Will v. Michigan Department of State Police, 109 S.Ct. 2304 (1989), the Supreme Court concluded "that neither a state nor its officials acting in their official capacities are 'persons' under Sec. 1983," who may be sued for depriving a citizen of constitutional or statutory rights while acting under the color of state law. Accordingly, to the extent that Norton's lawsuit is against the defendants in their official capacities seeking prospective injunctive relief the decision of the district court is hereby AFFIRMED.
 
 
 4
 Upon review of Norton's remaining assignments of error, the record in its entirety, the briefs of the parties and the arguments of counsel, this court concludes that the district court's dismissal of Norton's complaint for failure to state a cause of action upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6) was proper and is hereby AFFIRMED for the reasons stated in the district court's opinion of August 17, 1988.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation